UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SL EC, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:17-cv-02751-JAR |
| ) | |
| ASHLEY ENERGY, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of Defendants Ashley Energy, LLC ("Ashley Energy"), Miller Wells, PLLC ("Miller Wells"), Power Investments, LLC ("Power Investments"), and Mason Miller ("Miller") to dismiss (Doc. No. 19) and for leave to file an under seal (Doc. No. 22). The motions are fully briefed and ready for disposition. For the reasons set forth below, Defendants' motion will be granted.

## BACKGROUND

On October 27, 2017, Plaintiffs SL EC, LLC ("SLEC"), Michael Becker ("Becker"), and Davis & Garvin, LLC ("D&G") filed their complaint in Missouri state court concerning transactions related to the purchase of assets of a power plant. Defendants removed the case to this Court on the basis of diversity jurisdiction on November 22, 2017.

The complaint provides that D&G, a law firm, was hired by SLEC to represent SLEC in connection with the negotiation, acquisition, and purchase of the assets of a power plant. Plaintiffs claim that in August 2017, SLEC entered into an agreement with Power Investments to sell SLEC's interest in Ashley Energy, LLC, with the option to acquire the power plant, and to release a loan obligation between Becker and others (the borrowers) and Miller and Power

Investments (the lenders). Plaintiffs assert that Ashley Energy borrowed over $8,000,000 to fund the acquisition and transferred nearly $480,000 to Miller Wells and Miller.

Plaintiffs assert five counts against Defendants. Count I for breach of contract alleges that D&G and Ashley Energy entered into a written "fee agreement" for legal services, which Plaintiffs assert was breached by Ashley Energy when it refused to pay D&G's legal fees. Count II for breach of contract alleges that Becker and SLEC entered into a written purchase agreement with Power Investments, and that Power Investments anticipatorily breached that contract. Count III alleges that Ashley Energy fraudulently transferred approximately $480,000 to Miller Wells and Miller, thus rendering Ashley Energy unable to pay Plaintiffs the amounts they claim they are owed under Counts I and II. Lastly, Plaintiffs allege in Counts IV and V that they are entitled to the imposition of a constructive trust over Ashley Energy's assets and to pierce Ashley Energy's corporate veil as the result of the alleged fraudulent transfers.

In their motion to dismiss, Defendants argue that Count I fails as a matter of law because the fee agreement at issue does not include Ashley Energy as a party. Defendants further argue that Counts II thorough V should be dismissed because a final, non-appealable judgment has already been entered against SLEC and Becker in a Kentucky state court proceeding regarding the same transactions at issue in this lawsuit. The Kentucky state court entered a default judgment in favor of Power Investments against SLEC and Becker and made a number of factual findings. Defendants argue that these findings have res judicata effect and that any other claims Plaintiffs may have regarding the transactions at issue should have been raised as compulsory counterclaims in the Kentucky state action. Defendants also filed an unopposed motion for leave to file under seal the purchase agreement upon which Plaintiffs base their breach of contract claim against

2

Power Investments. (Doc. No. 22). In support, Defendants contend that the parties agreed to keep the terms of the purchase agreement confidential when they entered into the contract.

In their opposition to the motion to dismiss, Plaintiffs concede that the allegations contained in Count I require refinement in light of federal pleading standards, and Plaintiffs stated that they would seek leave to amend their pleading. Plaintiffs then argue that the Kentucky state action is not final because Plaintiffs have a pending motion to set aside the default judgment. Plaintiffs contend that "[s]hould the existence of that default judgment be eliminated --- and Plaintiffs believe it will be shortly --- this case may well have primacy relative to the Kentucky action." (Doc. No. 29 at 2).

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,' " meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.* at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). Ultimately, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## DISCUSSION

3

Plaintiffs in their opposition do not dispute that Count I fails under the federal pleading standards and state that their allegations "should be refined." On May 14, 2018, Plaintiff D&G filed a notice of dismissal of its action against Ashley Energy, which were encompassed within Count I.[1]  Count I will be dismissed without prejudice.

With regard to Counts II through V, Defendants maintain that the doctrine of res judicata bars Plaintiffs from asserting those counts before this Court.  Indeed, Plaintiffs concede that "the Kentucky Default Judgment . . . prevents the Plaintiffs from proceeding on Counts II thought V of their Petition."  Doc. No. 29 at 1.  Plaintiffs argue, however, that a motion to set aside default judgment is pending before the Kentucky state court which, if granted, may result in this case having "primacy" relative to the Kentucky action.

A default judgment operates as res judicata and is conclusive of whatever is essential to support the judgment.  *Kapp v. Naturelle, Inc.*, 611 F.2d 703, 707 (8th Cir. 1979).  Here, the Kentucky state court entered a default declaratory judgment that the written purchase agreement is enforceable against SLEC and Becker; that Power Investments has satisfied its full obligation to release, waive, cancel and surrender the Power Investments loan and deed of trust; that neither Power Investments nor Ashley Energy had assumed any responsibility for the payment of legal fees or other undisclosed liabilities except as otherwise set forth in the agreement; and that Power Investments has not anticipatorily breached any provisions of the agreement.  These findings of fact significantly overlap with the allegations contained in Counts II through V of Plaintiffs' complaint.

Further, Plaintiffs do not dispute that if the default judgment stands, they cannot proceed

---

[1]    Count I does not contain allegations by or against any other party.

with Counts II through V. Thus, based on the representations of the parties, the findings of fact contained in the default judgment, and the allegations contained in the complaint, the Court will dismiss Counts II through V without prejudice. However, the Court offers no opinion as to whether this case would have primacy over the Kentucky state action should the motion to set aside default judgment be granted.

Lastly, for good cause shown, the Court will grant the unopposed motion for leave to file the purchase agreement under seal.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that for good cause shown, Defendants' motion for leave to file an exhibit under seal (Doc. No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Ashley Energy, LLC, Miller Wells, PLLC, Power Investments, LLC, and Mason Miller's motion to dismiss (Doc. No. 19) is **GRANTED,** and this case is **DISMISSED without prejudice.**

A separate Order of Dismissal accompanies this Memorandum and Order.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 14th day of May, 2018.